FILED
CLERK

7/11/2019 4:45 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ROBERT J. ZYSK and IRENE K. ZYSK,

               Plaintiffs,

  -against-

TEACHER'S FEDERAL CREDIT UNION, et al.,

               Defendants.
---------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-6742 (JMA)(SIL)

**JOAN M. AZRACK, United States District Judge:**

      This action was commenced by the pro se plaintiffs on November 17, 2017 by the filing of a summons and complaint and proposed Order to Show Cause. (ECF Nos. 1–3.) The plaintiffs paid the $400.00 filing fee. The Court declined to sign the plaintiffs' Order to Show Cause and held several conferences with the parties. On January 11, 2018, plaintiffs filed a letter representing their desire to withdraw the case and refile in state court. (ECF No. 19.)

      Based on this representation, the Court directed the parties to file a stipulation of dismissal, which plaintiffs failed to do for over nine months. In response to a subsequent court order, counsel for defendants filed a Status Report on September 26, 2018 indicating that it appeared to them that plaintiffs had abandoned the federal case. (ECF No. 21.) Accordingly, the Court issued an order on October 11, 2018 which stated, "[i]t appears that plaintiffs have withdrawn this case and are no longer prosecuting it. If plaintiffs do not file a letter with this Court indicating otherwise by October 26, 2018, this action will be dismissed and this case will be closed."

      In response, plaintiffs filed a puzzling letter dated October 24, 2018 stating that they "waited for the Court to issue an Order dismissing [this] action without prejudice of the Plaintiffs as to proceeding [sic] in another State Court. It never came." (ECF No. 22.) The plaintiffs further represented that they had drafted a summons and complaint to bring the action in state court. (Id.)

However, the plaintiffs did not indicate how they wished to proceed with the instant federal action, though they expressed an unwillingness sign a stipulation to dismiss the federal action, seeming to expect the Court to do so <u>sua</u> <u>sponte</u>. (Id.) Plaintiffs have not acted in any way to prosecute this case in federal court since filing this letter.

Accordingly, the Court issued a second order on May 6, 2019 which again stated, "[i]t appears that plaintiffs have withdrawn this case and are no longer prosecuting it in federal court. If plaintiffs do not file a letter with this Court indicating otherwise by May 21, 2019, this action will be dismissed for failure to prosecute and this case will be closed." To date, plaintiffs have not responded to the Order or otherwise communicated with the Court for more than eight months.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua</u> <u>sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. <u>Shannon v. G.E. Co.</u>, 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. <u>Id.</u>

Plaintiffs have not adequately complied with the Court's past two orders dated October 11, 2018 and May 6, 2019 or communicated with the Court since their disjointed letter dated October 24, 2018. Indeed, plaintiffs utterly failed to comply with the Court's May 6, 2019 order. The

Court warned plaintiffs that failure to respond to these Court Orders would result in the dismissal of the case. Plaintiffs' failure to comply with this Court's Orders constitutes grounds for dismissal. Accordingly, plaintiffs' claims are dismissed, without prejudice, for failure to prosecute and noncompliance.

Although the pro se plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should they seek in forma pauperis status for the purpose of an appeal from this order, it would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to the pro se plaintiffs and close this case.

**SO ORDERED.**

Date:  July 11, 2019  
       Central Islip, New York

                                              /s/ (JMA)  
                                      JOAN M. AZRACK  
                                      UNITED STATES DISTRICT JUDGE